**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0627-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMIL PARSON,

    Defendant-Appellant.

_____

Submitted March 21, 2018 — Decided June 22, 2018

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Indictment No. 10-
07-1361.

Joseph E. Krakora, Public Defender, attorney
for appellant (William Welaj, Designated
Counsel, on the brief).

Joseph D. Coronato, Ocean County Prosecutor,
attorney for respondent (Samuel Marzarella,
Chief Appellate Attorney, of counsel; Shiraz
Imran Deen, Assistant Prosecutor, on the
brief).

PER CURIAM

Defendant Jamil Parson appeals the June 23, 2016 order denying his petition for post-conviction relief (PCR). After our review of the record and relevant law, we affirm.

On September 9, 2011, after the Law Division judge denied his motion to suppress statements he had made to law enforcement, defendant entered into an open plea to all counts of the indictment pending against him. He was charged with: first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and 2C:11-3(a) or (b) (count one); first-degree murder, N.J.S.A. 2C:ll-3(a) or (b) (count two); first-degree attempted murder, N.J.S.A. 2C:5-l and 2C:ll-3(a) (count three); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count four); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count five); second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a) (count six); first-degree attempted witness tampering, N.J.S.A. 2C:28-5(a) (count eight); and second-degree conspiracy to commit witness tampering, N.J.S.A. 2C:28-5(a) and 2C:5-2 (count nine)[1].

On November 18, 2011, defendant was sentenced to forty years of imprisonment on count two, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On count three, defendant was

_____

[1] Count seven charged a codefendant, and is not pertinent to this appeal.

sentenced to a twenty-year term subject to NERA. On count five, he was sentenced to a ten-year term with a three-year parole disqualifier. On count nine, he was sentenced to an additional ten-year term. All sentences ran concurrent to one another for an aggregate sentence of forty years subject to NERA. The remaining counts were appropriately merged by the sentencing judge. Defendant's direct appeal was denied. State v. Parson, No. A-2779-11 (App. Div. July 1, 2014). Defendant did not file a petition for certification. Defendant's PCR petition followed.

Defendant was accused of murdering Louis Garcia and shooting Fernando Reyes. He reportedly discussed the shooting with several acquaintances afterwards, asking them not to reveal the information to the police. Nieemah Cooper, a woman with whom he lived intermittently, was one of those persons.

In December 2009, a few days after the shooting, a confidential informant reported to Detective Casey Long that someone known as "Animal" had committed the crime. The informant gave Animal's address, which was Cooper's address. When interviewed by police, Cooper's neighbor confirmed that: defendant frequented Cooper's home, his real name was Jamil, and he claimed he was affiliated with a gang. The neighbor informed police that Cooper sold loose cigars and cigarettes.

The authorities had been independently investigating Cooper for drug trafficking. They arranged a controlled buy of marijuana from her, and then obtained a search warrant for Cooper's home. When police searched the premises, they found marijuana and interviewed Cooper regarding her contacts with "Animal." While at the apartment, they seized several items belonging to defendant, including the victim's gloves. Cooper was arrested for drug possession.

Cooper later told police that defendant was affiliated with a gang, and had admitted to her that he committed the murder. She also said that defendant's co-defendant had come to her home sometime after the incident to tell her not to discuss defendant's involvement in the shootings. Police found a discarded 9mm handgun in a backyard near Cooper's residence.

On December 30, 2009, police arrested and interviewed defendant. He made an unsuccessful pretrial motion to suppress the inculpatory statement he made when interviewed. The Law Division judge then found police complied with the principles enunciated in Miranda[2] before interrogating him.

Defendant raises the following points for our consideration:

> POINT I:
> THE TRIAL COURT ERRED IN DENYING THE
> DEFENDANT'S PETITION FOR POST-CONVICTION

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
HEARING TO FULLY ADDRESS HIS CONTENTION THAT
HE WAS ENTITLED TO WITHDRAW HIS GUILTY PLEA
ON THE BASIS HE FAILED TO RECEIVE ADEQUATE
LEGAL REPRESENTATION FROM TRIAL COUNSEL,
RESULTING IN A GUILTY PLEA WHICH HAD NOT BEEN
FREELY, KNOWINGLY AND VOLUNTARILY ENTERED.

POINT II:
THE TRIAL COURT ERRED IN DENYING THE
DEFENDANT'S PETITION FOR POST-CONVICTION
RELIEF SINCE THE DEFENDANT DID NOT RECEIVE
ADEQUATE LEGAL REPRESENTATION FROM TRIAL
COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE
TO FILE A MOTION TO SUPPRESS THE FRUITS OF THE
SEARCH OF HIS RESIDENCE BY CHALLENGING THE
SEARCH WARRANT AND ITS EXECUTION.

A.   FACTUAL BACKGROUND.

B.   THE PREVAILING LEGAL PRINCIPLES
     REGARDING CLAIMS OF INEFFECTIVE
     ASSISTANCE OF COUNSEL BASED UPON A
     FAILURE TO FILE A MOTION TO SUPPRESS.

C.   TRIAL COUNSEL'S FAILURE TO FILE A MOTION
     TO SUPPRESS RELATING TO THE SEARCH
     WARRANT CONSTITUTED INEFFECTIVE
     ASSISTANCE OF COUNSEL SINCE THE WARRANT
     WAS OBTAINED AS A RESULT OF A WILFULLY
     FALSE STATEMENT OR A STATEMENT MADE IN
     RECKLESS DISREGARD OF THE TRUTH.

D.   TRIAL COUNSEL'S FAILURE TO FILE A MOTION
     TO SUPPRESS RELATING TO THE SEARCH
     WARRANT CONSTITUTED INEFFECTIVE
     ASSISTANCE OF COUNSEL SINCE THE SEIZURE
     OF VARIOUS ITEMS ALLEGEDLY IN PLAIN VIEW
     RELATING TO THE DEFENDANT'S INVOLVEMENT
     IN THE SHOOTING WAS NOT "INADVERTENT".

E.   TRIAL COUNSEL'S FAILURE TO FILE A MOTION
     TO SUPPRESS RELATING TO THE SEARCH
     WARRANT CONSTITUTED INEFFECTIVE
     ASSISTANCE OF COUNSEL IN LIGHT OF THE

5

ALTERATION OF THE SEARCH WARRANT ALONG WITH ITS EXECUTION AT 12:45 A.M., OUTSIDE THE SCOPE OF THE TIME SET FORTH IN THE WARRANT.

In order to prevail, a defendant must first show the failure of his trial counsel to provide him with competent professional assistance. Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). A defendant must also establish that the alleged ineffective assistance of counsel prejudiced the outcome.

Ineffective assistance of counsel claims can be made even if a defendant elected to enter into a plea agreement with the State. In those cases, a defendant must demonstrate that, but for the ineffective assistance of counsel, he would not have entered a guilty plea, but rather would have elected to take the matter to trial. State v. DiFrisco, 137 N.J. 434, 457 (1994).

When defense counsel's "failure to litigate a Fourth Amendment claim is the principal allegation of ineffectiveness, 'the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.'" State v. Johnson, 365 N.J. Super. 27, 35 (App. Div. 2003) (quoting Kimmelman v. Morrison, 477 U.S. 365, 375 (1986)). Thus, when counsel fails to file a

suppression motion, the defendant must satisfy both parts of the Strickland test and also prove that his Fourth Amendment claim is meritorious. State v. Goodwin, 173 N.J. 583, 597 (2002).

## I.

Defendant first contends his attorney did not adequately explain the consequences of his guilty plea, making it neither knowing nor voluntary. At the oral argument on his PCR petition, defendant alleged his lawyer told him to only answer "yes" to the questions he was asked. Defendant argued that the transcript corroborated this as he responded affirmatively to all the questions that were posed.

To the contrary, over the course of the lengthy plea colloquy, spanning thirty-three transcript pages, defendant while under oath demonstrated his knowing, intelligent, and voluntary waiver of his right to a trial, and his full and comprehensive understanding of the nature of the guilty plea, an open plea to the indictment. His contention is so lacking in merit as to not warrant discussion in a written opinion. R. 2:11-3(e)(2).

## II.

Defendant also contends the court should have conducted an evidentiary hearing before it denied his petition. We disagree, as defendant failed to establish a prima facie case. Defendant has failed to "allege facts sufficient to demonstrate counsel's

alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Police were conducting an ongoing investigation into Cooper's drug dealing — including making a controlled buy, and it was for that reason that the search warrant was issued. Defendant does not even challenge the validity of the warrant. Defendant only argues that the search exceeded the scope of the search warrant, and claims the search was really motivated by the murder investigation and not Cooper's nefarious activities. This argument also lacks merit.

Clearly, the police investigating the shooting were interested in the fruits of any search of Cooper's house. Nonetheless, there was a lawful, independent basis justifying the issuance of the warrant. That the authorities may have had an ulterior or secondary motive in conducting the search does not cast doubt on the lawfulness of the search when it is otherwise valid.

It suffices that, regardless of any other motives the officers "outwardly behave[d] in a constitutionally appropriate manner." State v. Kennedy, 247 N.J. Super. 21, 28 (App. Div. 1991). Therefore, had trial counsel filed a motion to suppress the physical evidence seized based on the invalidity of the warrant, the motion would have been denied.

III.

Defendant asserts the seizure of items related to the murder while the police were on the premises was unconstitutional and warranted suppression. This included seizing defendant's identification, along with gang literature, and a pair of gloves subsequently found to have belonged to the victim that contained the victim's DNA. The officers obviously believed those items would assist them in prosecuting defendant. But the record on appeal does not establish any connection between the seizure and the investigation, and defendant's ultimate prosecution. In other words, defendant has not demonstrated that had the items been suppressed, he would have taken the matter to trial as opposed to entering into an agreement with the State. See DiFrisco, 137 N.J. at 457.

Defendant told numerous witnesses that he was involved in the shooting. He told the witnesses, including Cooper, to say nothing about his culpability. The weapon used was found near Cooper's yard. Defendant confessed to the crime. Thus, trial counsel's failure to file a motion to suppress was ultimately of no moment. Defendant did not establish a prima facie case that would have warranted an evidentiary hearing. His attorney was not ineffective for failing to file a motion to suppress the items taken from Cooper's home.

A-0627-16T3

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION